IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

DAVID HEMBREE, individually, and as )
representative of all others similarly )
situated, )
 )
    Plaintiff, )
 )
    v. )   Case No. 08-6094-CV-SJ-HFS
 )
MID-CONTINENT TRANSPORT, INC. )
and JOHN W. SPENCER, )
 )
    Defendants.

**ORDER**

Plaintiff, David Hembree, has moved for conditional class certification and notification pursuant to the Fair Labor Standards Act "FLSA," 29 U.S.C. § 216(b). Plaintiff was formerly employed by defendants Mid-Continent Transport, Inc., John Spencer, and Darold Frenzen, and worked as a driver. Plaintiff claims that during his employment he was not paid overtime for hours worked beyond a 40 hour workweek. Plaintiff requests that certification include a class consisting of drivers employed by defendant Mid-Continent Transport, Inc. at anytime from September 15, 2005, through September 30, 2007. Plaintiff also requests that he be appointed as class representative, and that Fred Walters, Bruce Nguyen, and Rachel Mann of Walters Bender Strohbehn & Vaughan, P.C. be appointed as class counsel. Plaintiff has submitted a Notice to Class Members and Consent to Join form and requests that it be approved. Finally, plaintiff seeks an order directing defendants to produce the names, last known addresses, telephone numbers, dates of employment, location of employment, and the last four digits of the social security numbers of all

proposed class members in excel spreadsheet format.

Mindful of the lenient standard used to determine conditional certification in an FLSA class action, defendants do not oppose conditional certification. However, defendants contend that the temporal scope of the proposed class is inconsistent with the applicable statute of limitations, and that it is overly broad in that it includes employees who previously have been paid overtime while working in Nebraska. Defendants also contend that it is unnecessary to reveal the last four digits of the social security numbers of potential class members. Finally, defendants note that the Notice of Lawsuit should be amended to, among other things, include notice to potential members of costs that may be charged against them in the event defendants prevail, and correct typographical errors.

## Discussion

Statute of Limitations

Neither party contests whether the potential class members are "similarly situated," thus, review will be confined to the limited issues raised. The first of which will be the most appropriate time frame to be utilized in determining the scope of the class. Under the applicable statute of limitations, all claims brought for violations of the FLSA must be "commenced within two years after the cause of action has accrued," unless the violation was "willful." Redman v. U.S. West Business Resources, Inc., 153 F.3d 691, 695 (8th Cir. 1998); citing, 29 U.S.C. § 255(a). In the event the violation was willful, a claim must be brought within three years. Id. An action is commenced under the FLSA when a party files suit. Id; citing, 29 U.S.C. § 256(a). In the case of a collective action under the FLSA, the action is commenced when a party files his or her written consent to become part of the action. Id; citing, 29 U.S.C. §256(b). Under the FLSA, an action is considered

to be commenced, for statute of limitations purposes, either (1) when the complaint is filed, if the plaintiff is named in the complaint and filed a written consent to become a party at the time the complaint was filed; or (2) on the date a consent to become a party was filed, if the plaintiff was either unnamed in the complaint or failed to file a consent at the time the complaint was filed. Bouaphakeo v. Tyson Foods, Inc., 564 F.Supp.2d 870, 910 (N.D.Iowa 2008).

Using a maximum statutory period of three years, pursuant to 29 U.S.C. § 255(a), plaintiff acknowledges that suit was filed on September 15, 2008, and requests that the Notice be sent to drivers employed by Mid-Continent for the period of September 15, 2005, through September 30, 2007 (this date being the date defendants began paying the drivers overtime pay for work performed in excess of a forty-hour work week). (Plaintiff's Supporting Suggestions: pg. 9, n. 6).[1] Alternatively, plaintiff requests that the claims be equitably tolled to January 16, 2009, which is thirty days after plaintiff first requested information from defendants about potential class members. (Plaintiff's Reply: pg. 14).

Conversely, defendants argue that the temporal scope of the class cannot be defined as any greater than three years from the date notice is sent to prospective members[2] - not, as proposed by plaintiff, from the date the complaint was filed. Although defendants use a three year statutory

---

[1] Defendant Mid-Continent Transport ceased business operations in February of 2009. (Plaintiff's Supporting Suggestions: pg. 4, ¶ 10).

[2] Defendants rely on Fast v. Applebee's International, Inc., 243 F.R.D. 360, 364 (W.D.Mo. 2007), where Judge Laughrey determined that the class notice would be sent to current employees and past employees who worked for the defendant within the last three years from the date of the order. In reaching this decision, Judge Laughrey noted that plaintiffs did not present any authority to the contrary. Id. Further, the circumstances in Fast were not burdened with the time constraints present here. For instance, the plaintiff in Fast commenced the action on July 14, 2006, and sought conditional certification on February 15, 2007. (Case No. 06-4146, doc. 45). It also appears that the alleged violations were ongoing, and the claims were not at risk of being time-barred.

period, they make clear their position that in the absence of willfulness, a two year period is more appropriate.³ Thus, defendants contend that the temporal scope of the class should include members who were employed within three years of the entry of order granting conditional certification. If defendants' contention is accepted, the class of potential members would be limited to those who were not paid overtime from September of 2007, through September of 2010. Such a finding would of course preclude all claims alleged, because the parties agree that defendants began paying overtime rates commencing September 30, 2007.

In order to cure the prospect of time-barred claims, plaintiff claims that the statutory period should be equitably tolled. Tolling of the statutes of limitations, as claimed by plaintiff, would be based on the doctrines of equitable tolling or equitable estoppel. Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005). Here, plaintiff's contention that the failure to timely provide notice to potential members is due to misconduct on the part of defendants is appropriately considered under the doctrine of equitable estoppel. This doctrine applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit. Henderson, at 1033.

An applicable statute of limitations may also be tolled by the doctrine of equitable tolling. Id. This doctrine focuses on the employee's ignorance of a claim, not on any possible misconduct by the employer, and tolls the limitations period when the plaintiff, " 'despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.' " Henderson, at 1033.

Plaintiff acknowledges that "20 months has passed since commencement of this action," yet

---

³Whether a violation is willful is an issue of fact, often addressed during summary judgment or at trial. Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1019 (E.D.Mo. 2010). In addition, judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings. Id. Thus, the statute of limitations is a three-year period.

claims no fault in the matter; and argues that equitable tolling would be appropriate because defendants' conduct postponed the filings of consent to opt-in by potential plaintiffs. (Plaintiff's Reply: pg. 7). Plaintiff states that on December 16, 2008, he served initial interrogatories requesting that defendants identify each employee employed from January 1, 2005, through the present, including the contact information, time period of employment, location of employment, wage rates and hours worked, as well as received overtime compensation for said employees. (Id: pgs. 7-8). After mutual agreement for a short extension, on May 18, 2009, defendants supplied an employee roster which provided only partial information for a limited time period. (Id: pgs. 8-9). According to plaintiff, the roster provided only included the names of drivers employed by defendants from June of 2006, through December of 2007; absent was information for drivers employed for the period requested. (Id). Plaintiff states that several requests were made to defendants for the production of payroll and timecard documents, but defendants did not finalize their production of these records until December of 2009, and shortly thereafter, plaintiff's deposition was scheduled. (Id: pg. 10).

Notwithstanding plaintiff's claim that he was unable to provide notice to potential members because of defendants' misconduct, it is noteworthy that counsel for plaintiff did not, by way of motion or otherwise, seek to compel defendants during the pendency of this action. In fact, while citing discovery delays due to the maintenance of defendants' time car and payroll records with third-party providers, plaintiff moved on behalf of the parties to extend established deadlines on three occasions (docs. 27, 29, 40). Plaintiff's counsel did not alert the court to the alleged existence of misconduct on defendants' part, and waited until April 16, 2010, to seek conditional certification of the purported class so that notice might issue to potential members. In addition to defendants' failure to provide adequate information for notification, plaintiff claims that while defendants began

to pay the drivers overtime in September of 2007, the drivers were not advised of their right to overtime pay prior to that date. (Plaintiff's Reply: pg. 12). Plaintiff also claims that potential members had no way to know of their potential claims because of the complexity of laws governing overtime compensation for truck drivers. (Id: 13).

Equitable tolling may be appropriate where equity so requires, and there is a basis for such tolling. Seger v. Geren, 2008 WL 3929579 * 3 (E.D.Mo.) (Internal quotation and citation omitted). As a general rule, equitable tolling is a remedy reserved for circumstances that are "truly beyond the control of the plaintiff. Id. Instances in which equitable tolling may be appropriate include, among other things, when, as here, a claimant has received inadequate notice. Id.; citing, Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

As previously noted, plaintiff requests that the limitations period be tolled to the date the complaint was filed, i.e. September 16, 2008, or, alternatively, to thirty days after plaintiff served discovery requests, i.e. January 16, 2009. Defendants suggest that the limitations period be considered as three years from the date of this order - which would essentially eliminate the claims of all potential members. Defendants concede, however, that as to those employees who worked at the Nebraska location[4], may be able to recover for the period of May 2007, through September 2007. (Defendants' Opposition: pg. 5).

The best guidance available to me is Judge Heaney's footnote in Redman, supra. Although the decision affirmed an employer's judgment based on the statute of limitations used in FLSA

---

[4]Apparently the Department of Labor commenced an audit of the Nebraska facilities for the period of May 23, 2007, through November 1, 2007, and determined that the drivers at those locations were due overtime compensation for that period. (Defendants' Opposition: pg. 4). There is no dispute that defendants began to compensate the drivers for overtime worked effective September of 2007. But, the parties disagree on the appropriate time frame of the limitations period.

cases, the panel acknowledged that "there are circumstances where a plaintiff may properly establish equitable tolling even though the plaintiff has not alleged that the defendant was the cause of the time bar." The court then cited an employment discrimination case where, because of some blundering by staff persons at the EEOC, time for filing, which would otherwise elapse, was tolled. This was held to be " 'a circumstance beyond (plaintiff's) control and constitutes excusable neglect for (plaintiff's) failure to file a timely charge.' " Lawrence v. Cooper Communities, Inc., 132 F.3d 447, 452 (8th Cir. 1998). Although the Lawrence case referred to " 'the EEOC's misconduct' " I do not believe that term was necessary, when there was negligence or some delinquency not within a claimant's control.

It should be understood by counsel for FLSA plaintiffs and opposing counsel and the court that there is urgency in getting a class certification, which is greatly increased where, as here, the alleged violation has been cured and continuing relief cannot be given after a certain date. Plaintiff's counsel may be principally at fault here in failing to press for certification, but not being current counsel for class members there can be no good argument for making them responsible for counsel's neglect (or, more likely, failure to recognize the special limitations rules in FLSA cases). Arguably defendant and counsel have been somewhat resistant to making necessary disclosures, and the court staff and I may be somewhat delinquent in failing to speed this case along. Wherever fault may lie, it cannot fairly be attributed to potential class members, and I conclude they have a sound claim for equitable tolling when litigation takes an unduly long time to reach the present stage. While this somewhat enlarges on the Redman footnote, it seems to follow, fairly and logically, from the relief to which a plaintiff is entitled when an agency causes critical delay.

It seems arbitrary to choose plaintiff's proposed date here, when he first requested discovery. The more appropriate test would be how long it should take for a reasonably prosecuted FLSA case

to reach the certification stage, where there is always unusual reason for expedited handling. I conclude it is fair to both sides to say certification should generally occur within one year of filing. Therefore, I conclude that there should be equitable tolling for the period after September 15, 2009. This means that, going back three years from that date, claims for willful violations would be time barred if they arose on or before September 15, 2006 – about a year before defendants began paying overtime rates.[5]

Notice to Potential Class Members

Plaintiff requests that defendants be directed to provide, among other things, the last known address, telephone number, dates of employment, location of employment, and last four digits of the social security number of each putative class member. Plaintiffs claim that the information is necessary to aid in notifying potential members, and in support of this request, plaintiff relies on cases that are inapposite to the matter at hand. For example, in Perez-Benites v. Candy Brand, LLC, 2008 WL 4809105 * 4 (W.D.Ark.), the defendants did not oppose providing significant contact information regarding the putative class which consisted of Mexican farm workers working in the United States as H-2A guest workers.[6] Similarly, in Burch v. Qwest Communications Intern., Inc.,

---

[5]This "one year filing" ruling would apparently have general application when there are circumstances analogous to those here – a not entirely infrequent occurrence. I am not comfortable with engaging in "judge - made law" in this manner, and strongly recommend that Congress reconsider and revise current statutes, so that the oddity here encountered is dealt with by legislation rather than by the judiciary.

[6]This information consisted of names, addresses (U.S. and foreign), telephone numbers (U.S., foreign, and cell phone), social security numbers, birth dates, and passport numbers. Perez-Benitez, 2008 WL 4809105, @ *4.

500 F.Supp.2d 1181, 1191 (D.Minn. 2007), defendants did not object to plaintiffs' request to provide information on the putative class including, among other things, the last four digits of social security numbers. Id.

Conversely, here, defendants oppose providing the last four digits of the social security numbers of the putative members as unnecessary. Several recent cases, when considering such a request under similar circumstances, have denied the request. See, e.g., Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1018 (E.D.Mo. 2010); see also, Ford v. Townsends of Ark., Inc., 2010 WL 1433455 * 9 (E.D.Ark.); Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 501 (D.Neb. 2009). In other cases, counsel have been directed to cooperate and work together on providing notice to potential class members prior to the dissemination of the last four digits of their social security numbers. See, e.g.; Luiken v. Domino's Pizza, LLC, 2010 WL 2545875 *4 (D.Minn.) (Parties directed to meet and confer regarding additional information requested, and to balance potential privacy issues, the parties' need for the information, and delay and cost of different methods of contact); see also, Loomis v. CUSA LLC, 257 F.R.D. 674, 678 (D.Minn. 2009) (upon notice and documentation of inability to locate, CUSA shall provide to plaintiff the phone and social security numbers for potential plaintiffs who cannot be otherwise located). Thus, defendants shall provide plaintiff's counsel with the names and home addresses of all employees who may be potential plaintiffs in this case. Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1018-19 (E.D.Mo. 2010). Defendants need not disclose the employees' personal telephone numbers or social security numbers unless ordered by the court. Id; see also, Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 501 (D.Neb. 2009). At this time, defendants will not be directed to provide the last four digits of each potential class member. But, defense counsel shall disclose their names, home addresses, dates and locations of employment, and telephone numbers.

Defendants' request that the notice include language advising that, in joining the case as a party-plaintiff, the person may be responsible for defendants' costs in the event defendants prevail will not be included. Such language has been repeatedly held to be potentially disarming, and it remains unclear whether prevailing defendants may recover such costs under the FLSA. <u>Littlefield</u>, at 1019; <u>see</u> <u>also</u>, <u>Martinez</u>, at 501. Similarly to be excluded is language requiring potential class members to consent to join any subsequent actions against defendants. <u>See</u>, <u>Huang v. Gateway Hotel Holdings</u>, 248 F.R.D. 225, 228 (E.D.Mo. 2008); <u>Burch v. Qwest Communications Intern, Inc.</u>, 500 F.Supp.2d 1181 (D.Minn. 2007) (striking similar language).

Finally, defendants have noted several typographical errors in plaintiff's proposed notice which should be corrected. Defendants shall provide plaintiff's counsel the list within fourteen days from the date of this order, in a usable format; defendants have not objected to plaintiff's proposed format, i.e. excel spreadsheet.

Accordingly, it is hereby

ORDERED that plaintiff's motion to certify class (ECF doc. 45) is GRANTED in part and DENIED in part. Counsel are directed to file a joint amended notice consistent with this opinion on or before November 1, 2010.

    /s/ Howard F. Sachs
    HOWARD F. SACHS
    UNITED STATES DISTRICT JUDGE

October  4 , 2010

Kansas City, Missouri