IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DAVID HEMBREE, individually, and as representative of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MID-CONTINENT TRANSPORT, INC. and JOHN W. SPENCER, | Case No. 08-6094-CV-SJ-HFS |

**MEMORANDUM AND ORDER**

Defendant Frenzen, part owner and accountant for the defendant company, seeks summary judgment in this wage and hour case on the theory that he was essentially a hands-off partial owner of the employing company, without sufficient managerial activity relating to employee work to be classified as an additional employer for payment responsibility when there is a violation of the Fair Labor Standards Act. The principal controlling case on which he relies is <u>Wirtz v. Pure Ice Company</u>, 322 F.2d 259 (8th Cir. 1963) (majority stockholder who failed to exercise potential managerial authority is not an additional "employer"). More recent appellate rulings of the same nature are <u>Alvarez Perez v. San-Orlando Kennel Club, Inc.</u>, 515 F.3d 1150 (11th Cir. 2008) (citing <u>Wirtz</u> and an earlier pertinent 11th Cir. case, <u>Patel v. Wargo</u>, 803 F.2d 632, 637-8 (1986)). Those cases require " 'operational control of significant aspects of ... day-to-day functions, including compensation of employees or other matters in relation to an employee.' " (<u>Alvarez Perez</u>, citing <u>Patel</u>). In other words, "unexercised authority is insufficient to establish liability as an employer."

Alvarez Perez, at 1161.[1] See also Copantitla v. Fiskardo Estiatorio, Inc., 788 F.Supp.2d 253, 309-311 (S.D.N.Y. 2011); Gofron v. Picsel Technologies, Inc., 2011 WL 3053191 (N.D.Cal.).

Defendant's 50% ownership interest is not irrelevant, but clearly not dispositive. Rather, it is necessary to look to the record as to the substantiality of his actual participation in day-to-day operations and his connection, if any, with employee management or compensation. I conclude that the undisputed evidence shows that Frenzen, an outside "moonlighting" accountant and part owner, was well informed but remote from day-to-day operations. There is insufficient evidence presented by plaintiffs that he engaged in managerial activity regarding the plaintiff employees, their hiring or firing, or their compensation. The one bit of evidence that comes nearest to creating a submissible case against him is that he not only knew about "compensation policies" but "concurred in their use." Plaintiffs' statement of uncontroverted facts, SUF 23, Doc. 90. This is a reference to Answer to Interrog. No. 12 (Ex. 2) and to the Frenzen Deposition, p. 155 (Ex. 1), attached to Doc. 90. Frenzen also asserted in those papers, and plaintiffs do not submit evidence to contest, that "he did not propose or develop" the compensation policies for the plaintiff drivers. Id. He further stated in his deposition, without contest, that defendant Spencer "would inform me what (the bonus amounts) were." Frenzen Deposition (Ex. 1) at page 58. Bonuses for employees were not "discussed;" Frenzen was simply "informed" by Spencer. Id. There is no evidence that the subject of overtime was discussed prior to 2007.

The corporate answers to Interrogatories were "derived from information provided by John Spencer and Darold Frenzen" and included statements that "since at least 2000 Mr. Frenzen has had no payroll responsibilities" (p.3). While some of the record is conclusory, plaintiffs offer no factual

---

[1] I recognize that this concept is controversial, either as a matter of policy or statutory construction. See the dissent of Judge Ridge in Wirtz, supra.

record showing "involvement" except as an accountant responsible for tax reporting and similar duties. There are no specifics to show active participation in formulating or controlling employee affairs.

Under Wirtz and similar cases it seems clear that defendant Frenzen has a compelling, essentially undisputed, "silent partner" defense, with the special circumstance of being a well informed but outside "accountant," unless the acknowledged "concurrence" in "compensation policies" overcomes the general story of non-participation in day-to-day operations. In context, I do not believe the general depiction of his conduct changes.

If, however, Frenzen was part of a joint-agreement on "compensation policies" this might well change the result, even though such an agreement might be a very minor act of participation, viewing company operations as a whole. That is because that subject is the focus of this litigation.

I do not believe plaintiffs have presented adequate evidence on the narrow point in question, and will therefore grant defendant's motion. There is no showing that any approval of compensation policies was expressed (rather than simply a thought of Frenzen's) or that an expression was anything more than spoken acquiescence in something already decided. Moreover, the timing of the thought or comment is not enough to help establish a claim for recovery. If it were shown to have occurred as part of an agreement between managing owners of the business before the period covered by this claim it might be given continuing effect, absent some evidence of later disapproval. If it was during the period, it would show participation from that date forward, but not during the period when there was a complete absence of participation in the ongoing activities of the business. Damages could not be established without some ability to date the pertinent conduct (if it was conduct rather than a thought). If it was some sort of afterthought it would of course have no bearing

on the claim at all.[2]

On the facts presented by the parties I cannot accept plaintiffs' theory of a sound claim against defendant Frenzen that could be submitted to a fact-finder. There being no material facts in dispute, the motion for summary judgment in favor of defendant Frenzen (Doc. 83) is hereby GRANTED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

November  21 , 2011

Kansas City, Missouri

---

[2] Plaintiffs offered no evidence of discussion of the critical issue of overtime until after an audit by the Department of Labor in 2007.