IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

DAVID HEMBREE, individually, and as )
representative of all others similarly situated, )
                                                    )
                      Plaintiff, )
                                                    )
v. ) Case No. 08-6094-CV-SJ-HFS
                                                    )
MID-CONTINENT TRANSPORT, INC. and )
JOHN W. SPENCER, )
                                                    )
                      Defendants. )

**ORDER**

      Plaintiffs seek reconsideration of the denial of overtime compensation relief to all except Mr. Hembree, which I based on lack of willfulness and the bar of the two year statute of limitations. Doc. 103. They contend that I overlooked the effect of information about a change of law, which became known no later than June, 2007, but was not acted upon until September. They contend, with plausibility that I cannot fairly rule out willfulness as an issue for the period in the summer of 2007.

      Defendants argue that I should not pick up an argument not emphasized earlier, because plaintiffs were seeking a longer period of liability. They also contend that the overtime payments in September gave adequate notice, and should disqualify claimants from equitable tolling relief which I previously authorized.

      I agree with plaintiffs that, in the interest of justice, I should reopen the willfulness issue for the period beginning in June, 2007 (although it remains a contested issue for the period between June and September). As to equitable tolling, whether I also made a mistake on that subject because of the

September payments of overtime, I am unaware that this issue has been fully developed, either as a matter of fact or law, and will not blindly adopt defendants' contention that employees received sufficient notice in September, 2007, so that they cannot fairly claim ignorance of the potential claim going back at least to June. If I have missed something, such as a published notice to employees, by management or the union, or some other plain disclosure that overtime was payable in 2007 or that "new" overtime requirements were being recognized, doubtless defendants will bring that to my attention in still another motion.

I am aware from some deposition citations from several of the plaintiffs that at least some of them believed that back pay should have been paid. There are serious deficiencies in this "proof" supposedly dispelling the need for equitable tolling. None of the plaintiffs had any more concept of a law violation than Mr. Hembree did, and his theory seems to have been that the drivers should always have been paid overtime because other employees in other work received overtime pay. If this was presented as an ethical right or a legal right is unclear (and was mistaken originally because Mr. Hembree was unaware of the legal exemption). None of the plaintiffs seemed aware that a legal change had occurred, or that the payments resulted from anything more than union pressure or company beneficence in recognizing what was "fair." Even if some plaintiffs, from their depositions, should be disqualified from equitable tolling, there is no record that would be comprehensive as to all claimants. The deficiencies in the record may be dealt with by some documentation of contemporaneous union or company records or notices. There may be clarification by affidavit or additional depositions. Absent some clarification, the foggy notions of some plaintiffs would not appear to defeat equitable tolling for the mass of plaintiffs.

It is therefore ORDERED that defendants' motion for summary judgment (Doc. 84) is GRANTED for the period before June, 2007, and DENIED for the period from June to September,

2007, and that Doc. 103 is VACATED in part, consistent with this order.

                                                /s/ Howard F. Sachs
                                                HOWARD F. SACHS
                                                UNITED STATES DISTRICT JUDGE

February  21 , 2012

Kansas City, Missouri