IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

DAVID HEMBREE, individually, and as )
representative of all others similarly situated, )
)
          Plaintiff, )
)
v. )   Case No. 08-6094-CV-SJ-HFS
)
MID-CONTINENT TRANSPORT, INC. and )
JOHN W. SPENCER, )
)
          Defendants. )

**MEMORANDUM AND ORDER**

As in the "Perils of Pauline," there have been many problems in this case. The latest is defendants' motion for me to reconsider my ruling in March that there was too much uncertainty to warrant summarily denying tolling of the plaintiffs' claims for the period from June to September, 2007 - - the period when there is a submissible claim of plausible willfulness in delaying to pay overtime.

Plaintiffs complain that there has been excessive reconsideration in this case. I did, however, invite clarification of the September situation in my March ruling, and deem it preferable to get things right, rather than go forward with error.

Whether equitable tolling should save the claims of plaintiffs who delayed taking action after September, 2007, depends partly on the facts and partly on how high the standard of diligence is set.

Overtime payments began in September, 2007 (correcting a failure to pay overtime after a change in the law). The period of potential recovery for willfulness violations is from June to September. I have ruled that the delay from June through September could be considered willful,

because defendants knew in June that there was a serious question over the new statutory duty, enacted earlier, to pay overtime. The plaintiffs (truckers) were alerted to some extent by the increase in their paychecks, and according to plaintiff Hembree, were told by management at a meeting that there had been a change in the law. The issue is whether they had a right to assume that the company was paying overtime from the time the change in the law occurred, or whether they had a duty to inform themselves rather than let years go by without taking action. Retroactive overtime was not being paid. Unless the three-year statute is tolled, under my prior ruling those who did not take action would be barred. See Doc. 59, establishing a one-year tolling period during the first year of litigation - but only for those without an independent duty of inquiry.

Further consideration of tolling law shows that plaintiffs face a high hurdle absent extraordinary equitable considerations favoring their claim.[1] Current 8th Circuit law reemphasizes the Supreme Court's requirement of "extraordinary circumstances" before tolling is permitted. Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012). While this standard is asserted most frequently in prisoner litigation, it also applies to overtime claims under the Fair Labor Standards Act. Putnam v. Galaxy 1 Marketing, Inc., 276 F.R.D. 264, 275 (S.D.Iowa 2011). See also, e.g., Campanelli v. The Hershey Company, 2010 WL 3219501 (N.D. Cal.); Hasken v. City of Louisville, 234 F.Supp.2d 688, 695-6 (W.D.Ky. 2002).

Ignorance of their legal rights does not excuse plaintiffs, certainly not when they have been alerted to a change in compensation resulting from the overtime decision of management, and especially when management has announced at a meeting that there has been a change of law. Simple non-payment of back overtime pay will not serve to justify delay by plaintiffs in learning about and asserting

---

[1] If this characterization puts in some doubt my prior tolling ruling, so be it. Plaintiffs should not, in my judgment, be penalized for litigation events beyond their control and of which they have no knowledge. While this may be very uncommon, generally, it does occur routinely in FLSA cases.

their rights - - absent trickery, inducement by defendants' acts, representations, or some breach of good faith. Upadhyay v. Sethni, 2012 WL 260636 (S.D.N.Y.) (citing authorities). I recognize that it could be argued that most employees might assume that if defendants were recognizing their right to overtime pay and were adding to the paycheck because of that change, defendants were probably paying the right amount.[2] That falls short of the kind of patent misrepresentation that I find in the case-law would justify tolling. Plaintiffs would be asserting a much too general principle that workers have a right to assume their wages are correctly calculated. If that were the law, tolling would be routine.

On reconsideration, as invited in Doc. 109, I GRANT defendants' motion for reconsideration (Doc. 112) and their motion for summary judgment (Doc. 84) for the additional period in question, from June - September, 2007, and again limit this case to the claim of plaintiff Hembree.[3]

This old case, now much reduced in size, is ready for transfer to another judge for trial. The parties may wish to regroup and settle or avoid trial of the small sum in question by a confession of judgment or some other appropriate disposition - - allowing an appeal of legal issues if the parties desire. I expect to transfer the case on or after August 10, 2012, for jury trial and final pretrial preparation under the direction of the trial judge.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

July  12 , 2012

Kansas City, Missouri

---

[2] I suppose most jurors would favor plaintiffs on this point, and acknowledge that judicial rulings are probably needed to enforce the test announced by the Supreme Court.

[3] If there are a few Omaha truckers entitled to maintain claims, I or a successor judge will surely be so advised by plaintiffs.